**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: April 10 2015

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-30841 |
| | ) | |
| Tanika Marie Boyd, | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor. | ) | JUDGE JOHN P. GUSTAFSON |

### DISMISSAL ORDER

This case came before the Court on April 9, 2015, for hearing on an order of the Court entered on March 25, 2015 [Doc. #6]. Debtor appeared in person at the hearing.

Credit counseling is required by 11 U.S.C. §109(h)(1) as a condition of eligibility for an individual to be a debtor under any chapter of Title 11. Debtor, filing *pro se*, commenced this case on March 20, 2015, and, as required, filed Exhibit D with her petition. Debtor checked the third box on Exhibit D, certifying that she had requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time she made her request. [Doc. # 1]. Debtor further stated in a hand written note: "At this time I cannot afford credit counseling and wish to seek a waiver at this time or to be exempt."

The Schedules in this case reflect that the Debtor has low income, and she was permitted to proceed *in forma pauperis* in the above captioned case.

Bankruptcy courts "have consistently held that the inability to pay for credit counseling does not qualify as [an] exigent circumstance." *In re Pickett*, 2011 WL 5554038, 2011 Bankr. LEXIS 4401 (Bankr.

D.D.C. Nov. 15, 2011)(*citing*, *In re Fortman*, 456 B.R. 370, 374 (Bankr. N.D. Ind. 2011)(citing cases)); *see also*, *In re Taal*, 504 B.R. 682, 686 (B.A.P. 1st Cir. 2014); *In re Piontek*, 346 B.R. 126 (Bankr. W.D. Pa. 2006); *In re Wood*, 2013 WL 1969303, 2013 Bankr. LEXIS 2035 (Bankr. S.D. Ga. May 13, 2013); *In re Shaw-Richardson*, 2012 WL 2741211, 2012 Bankr. LEXIS 3094 (Bankr. D. Col. July 9, 2012) *In re Sherry*, 2008 WL 3876595, 2008 Bankr. LEXIS 2628 (Bankr. N.D. Ohio Aug. 20, 2008). Courts have similarly rejected the inability to pay as a "disability". *See*, *In re Warner*, 2013 WL 5835475 at *1, 2013 Bankr. LEXIS 4536 at *2-3 (Bankr. D.D.C. Oct. 30, 2013)(rejecting a waiver of the "instructional course" requirement).

One important factor in these decisions is the language contained in Section 111(c)(2)(B), which governs the approval of budget and credit counseling agencies: "(B) if a fee is charged for counseling services, charge a reasonable fee and provide services without regard to ability to pay the fee;". "The inability to pay does not qualify as an exigent circumstance, because credit counseling agencies are required to 'provide services without regard to the ability to pay the fee'". *In re Slovinec*, 2012 WL 4738852 at *1, 2012 Bankr. LEXIS 4659 at *2 (Bankr. D.D.C. Oct. 3, 2012); *see also*, *In re Nealen*, 407 B.R. 194, 203-204 (Bankr. W.D Pa. 2009); *In re Wood*, 2013 WL 1969303 at *1, 2013 Bankr. LEXIS 2035 at *3 (Bankr. S.D. Ga. May 13, 2013)("Pursuant to 11 U.S.C. §111(c)(2)(B), a credit counseling agency is required to provide counseling 'without regard to the ability to pay.' There was no evidence Debtor asked the agency for a waiver of the fee."). While there may be an issue if a request is made to the agency to provide credit counseling on a *pro bono* or a reduced fee basis, that did not happen in this case. *In re Piontek*, 346 B.R. 126, 131-132 (Bankr. W.D. Pa. 2006).

Because Debtor did not complete credit counseling within the 180-day period ending on the date of the filing of her petition, as set forth by 11 U.S.C. §109(h)(1), Debtor has not satisfied a condition for eligibility to be a debtor under any chapter of Title 11. The court therefore finds that Debtor is not eligible to be a debtor in this Chapter 7 proceeding, and the case must be dismissed.

**IT IS THEREFORE ORDERED** that this case be, and hereby is, **DISMISSED** without prejudice, and that the Clerk shall give notice of dismissal to all creditors and other parties in interest.

###